**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL STOCKDALE, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:08-CV-1773 CAS |
| JAMES EARL STOCKDALE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to amend his complaint [Doc. 18], and plaintiff's motions for temporary restraining order [Docs. 19, 23 and 24] and preliminary injunction [Doc. 20]. Also before the Court is plaintiff's "motion for defendant to provide under seal detailed listings of all itemizations of all real and personal property and assets" [Doc. 21]. For the foregoing reasons, plaintiff's motion to amend his complaint will be granted, while all other pending motions denied.

**Factual Background**

Plaintiff, an inmate at Eastern, Reception, Diagnostic and Correctional Center, brings this action pursuant to 28 U.S.C. § 1332 alleging that he was subjected to fraud and/or conversion by his brother, James Earl Stockdale, a citizen of California. In summary, plaintiff asserts that after he was incarcerated, he asked his brother to act as a fiduciary for a large sum of money. Plaintiff asserts that defendant James Earl Stockdale breached his fiduciary duty with respect to the care of plaintiff's money and converted it for his own use. Plaintiff claims that he learned of defendant's alleged misdeeds when his brother "confessed" in 2004, that he had deposited plaintiff's money in his bank

account and lost the money to "gambling." Plaintiff asserts that after defendant confessed to losing plaintiff's money, he promised a "plan of recompense" which he never honored.

Plaintiff was granted leave to proceed in forma pauperis in this Court on December 2, 2008, and defendant filed an answer to plaintiff's complaint on January 12, 2009. After the filing of defendant's answer, plaintiff sought leave to amend his complaint and submitted to the Court a seventy-four (74) page proposed pleading. On February 11, 2009, the Court denied plaintiff's motion to amend as a result of its failure to comply with Federal Rules of Civil Procedure 8 and 10. However, plaintiff was provided thirty (30) days to submit an amended pleading, should he wish to do so. On March 5, 2009, plaintiff filed the motion to amend his complaint which is presently before this Court and submitted a proposed amended complaint. Defendant has not responded to plaintiff's request. Nor has defendant responded to plaintiff's requests for injunctive relief, also presently before the Court.

## Motion to Amend Complaint

Plaintiff seeks leave to amend his complaint to add additional state-law tort claims. Plaintiff's amended complaint consists of twenty-seven typewritten pages, with separately numbered paragraphs. Although not a model of clarity, the amended complaint greatly resembles the complaint on which the Court previously ordered process to issue to the defendant. Accordingly, the Court will grant plaintiff's motion to amend and order defendant to file an answer to plaintiff's amended complaint within thirty (30) days of the date of this Order.

## Motions for Temporary Restraining Order and for Preliminary Injunction

Plaintiff seeks injunctive relief to "maintain the status quo" and to prevent defendant from liquidating or concealing assets or moneys plaintiff believes he is entitled to. Plaintiff claims that he

2

has been told by a third party that defendant intends to liquidate his financial holdings in order to make himself "judgment proof." Plaintiff claims that defendant also told a third party that should plaintiff prevail in this action, he would file for Chapter 7 bankruptcy and "refuse to pay [plaintiff] the balance owed." Accordingly, plaintiff seeks a virtual "freeze" on all of defendant's assets during the existence of the present lawsuit.

In determining whether to issue a temporary restraining order, the Court must consider the following four factors: (1) The threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989).

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Dataphase, 640 F.2d at 113 & n.5. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994); Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors

the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.

Plaintiff has not satisfied the first of the Dataphase factors and, as a result, his motions for injunctive relief will be denied. Simply put, plaintiff has failed to show a threat of irreparable harm. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir.2003) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction."); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

The gist of plaintiff's allegations is that defendant breached his fiduciary duties to watch over plaintiff's funds, and/or literally "stole" plaintiff's money sometime in the last eight years and "failed to pay it back." These acts are not recent and as a result plaintiff cannot allege that there is any immediate risk of irreparable harm from these acts. Additionally, any harm that has resulted from these acts is financial. If plaintiff is able to demonstrate that defendant did commit these acts, and that these acts constitute a breach of defendant's fiduciary duties, the proper remedy would be monetary damages, not injunctive relief. An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." Hinz v. Neuroscience, Inc., 538 F.3d 979, 986 (8th Cir. 2008). The harm plaintiff may have suffered from defendant's purported breaches of fiduciary duty are not irreparable as they can be remedied through monetary damages alone. Kelly v. Golden, 352 F.3d 344, 353 (8th Cir. 2003).

Plaintiff's argument that he may not have the opportunity to collect a judgment from defendant does nothing to further his motion for injunctive relief. Plaintiff's assertions regarding defendant's alleged future behavior arise from something told to him by a third party, and he has not

4

produced any evidence to substantiate that defendant will take such action. There is nothing in the record to evidence that defendant will disavow any obligations adjudged by this Court or hide assets to avoid them, so the Court cannot find plaintiff faces a threat of irreparable harm. See, e.g., Chevron U.S.A., Inc. v. 11500 Manager, LLC, 2009 WL 1974590, at *3 (W.D. Mo. July 7, 2009). Additionally, there is also some question as to whether Federal Rule of Procedure 65 authorizes the relief sought. See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). In the Grupo Mexicano case, the district court had found a defendant to be "at risk of insolvency if not already insolvent" and enjoined the defendant from transferring or expending its assets. 527 U.S. at 312-13. The Supreme Court held the injunction was not authorized by Rule 65 because an unsecured creditor has no rights in property prior to judgment. Id. at 330.

In light of plaintiff's failure to show irreparable harm, the Court will deny all of plaintiff's pending motions for injunctive relief.

**Motion for Defendant to Provide Listings of Personal Property and Assets**

Plaintiff seeks an order from this Court requiring defendant to provide a listing of all of his personal property and assets. It appears that plaintiff seeks this information for "the purpose of supplementing [his] ex parte motion for temporary restraining order . . . ."[1] In light of the denial of plaintiff's requests for injunctive relief, the Court will also deny plaintiff's motion for defendant to provide listings of personal property and assets.

---

[1] Plaintiff states in his motion that "[i]n the unlikely event that plaintiff's ex parte motion for temporary restraining order against defendant is denied, plaintiff herein withdraws this motion without notice or service to defendant to enable plaintiff to pursue other possible legal strategies."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint is **GRANTED**. [Doc. 18] The Clerk of Court shall file the amended complaint attached to plaintiff's motion.

**IT IS FURTHER ORDERED** that defendant shall have thirty (30) days from the date of this Order to file an answer to plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motions for temporary restraining order and preliminary injunction are **DENIED**. [Docs. 19, 20, 23, 24]

**IT IS FURTHER ORDERED** that plaintiff's motion for defendant to provide listings of personal property and assets is **DENIED**. [Doc. 21]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of July, 2009.