UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL STOCKDALE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1773 CAS |
| ) | |
| JAMES EARL STOCKDALE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

In his complaint for fraud and conversion, plaintiff Michael Stockdale seeks damages from his brother, James Earl Stockdale, for allegedly converting and/or breaching his fiduciary duty with respect to the care of plaintiff's money. The Court's subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Now before the Court is defendant's motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction. In the motion, defendant, who is a resident of California, asserts that he lacks minimum contacts with the State of Missouri and therefore cannot be brought within the jurisdiction of this Court.

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss for "lack of jurisdiction over the person." A plaintiff must state sufficient facts in the complaint to show that the defendant can be subjected to jurisdiction in Missouri in order to avoid dismissal on this basis. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). The defense of lack of personal jurisdiction is waived, however, if not made prior to or in a responsive pleading. Fed. R. Civ. P. 12(h)(1). Here, defendant filed his answer to plaintiff's complaint on January 12, 2009, and he filed an answer to plaintiff's amended complaint on August 13, 2009.

Defendant did not raise lack of personal jurisdiction as a defense to plaintiff's complaint or his amended complaint.[1] Thus, the defense is waived, and defendant's motion to dismiss must be denied.

Defendant's waiver of his personal jurisdiction argument would not appear to foreclose a motion to transfer venue under 28 U.S.C. § 1404(a) or (b). See, e.g., James v. Norfolk & W. Ry. Co., 430 F. Supp. 1317, 1319 n.1 (S.D. Ohio 1976) ("A motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h)."); Red Wing Shoe Co., Inc. v. B-Jays USA, Inc., 2002 WL 1398538, at *2 (D. Minn. June 26, 2002) ("A motion to transfer venue for the convenience of parties or witnesses or in the interests of justice, brought pursuant to 28 U.S.C. § 1404(a), is not a motion under 12(b)(3) of the Federal Rules of Civil Procedure, so the waiver provision of Rule 12(h) is inapplicable."); see also 17 James Wm. Moore, et al., Moore's Federal Practice, § 111.18 (3d ed. 2009). No such motion is before the Court, however.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**. [Doc. 39]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of September, 2009.

---

[1] In his answer to plaintiff's amended complaint, plaintiff stated that the complaint should be dismissed "in naming the Eastern District of Missouri as the appropriate venue." He later stated: "Defendant would be severely prejudiced in being required to adjudicate this matter in Missouri. Defendant does not admit or submit to jurisdiction in Missouri." These statements do not forestall waiver of the defense of lack of personal jurisdiction.