**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL P. STOCKDALE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08-CV-1773 CAS |
| | ) |
| JAMES EARL STOCKDALE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

Plaintiff asks for a "temporary and limited appointment of counsel" to assist him with issuing and enforcing Rule 45 subpoenas for the production of documents in this district and other districts, to depose document custodians "should their respective production of documents and or sworn affidavits prove insufficient or inadequate," and to depose the defendant. Mot. at 1-2. Plaintiff asserts that witnesses "have been less than cooperative to plaintiff's letters from a prison requesting production and or affidavit." Mot. at 2. Plaintiff also asks in the alternative that the Court direct the parties on the proper methods of issuing and enforcing subpoenas.

The Court finds that appointment of counsel is not mandated at this time. The primary allegation of plaintiff's Amended Complaint is that plaintiff entrusted the sum of $75,000 to the defendant in a fiduciary capacity, and the defendant negligently and/or intentionally converted the money to his own use. This does not appear to be a legally or factually complicated case, and thus far plaintiff has appeared able to investigate and present his case. Plaintiff seems to be educated and has filed reasonably articulate pleadings which indicate that he is capable of clear expression and appropriate organization of content. Plaintiff should be guided by the Federal Rules of Civil Procedure with respect to the discovery he wishes to pursue, in particular Rule 45 concerning the issuance of subpoenas. Although plaintiff will not be able to take depositions by oral examination under Rule 30 because he is incarcerated, he may take depositions by written questions as authorized by Rule 31. He may also direct interrogatories, requests for production of documents, and requests for admissions to the defendant. See Rules 33, 34 and 36.

The Court will address any issues that arise in connection with the issuance of subpoenas as those issues are presented to it by motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary and limited appointment of counsel is **DENIED**. [Doc. 59]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of November, 2009.