UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. STOCKDALE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1773 CAS |
| ) | |
| JAMES EARL STOCKDALE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Michael P. Stockdale, Jr.'s letter to the Clerk of the Court, which requests (1) service of five subpoenas duces tecum for the production of certain documents under Rule 45, Federal Rules of Civil Procedure, (2) additional subpoena forms, and (3) instructions concerning service of subpoenas in other districts. The Court will construe plaintiff's letter as a motion for service of subpoenas by the United States Marshals Service. For the following reasons, the Court will deny plaintiff's motion for service of the subpoenas without prejudice.

    A.  Refusal to Serve Subpoenas

The Court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties. See, e.g., Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985).

Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case. See Jackson v. Brinker, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); Tuvalu v. Woodford, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]" When reviewing subpoenas duces tecum directed to non-parties, a court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense. Jackson, 1992 WL 404537, at *5.

> If a court finds that an indigent party's requests for issuance and service of subpoenae duces tecum directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoenae.

Id. at *7.

Plaintiff has submitted five subpoenas duces tecum directed to the following individuals and entities: (1) Assistant United States Attorney Steven Holtshouser; (2) the St. Charles County Sheriff's Department, Michael J. Yarbrough; (3) the Federal Bureau of Investigation, Alan P. Peak, John V. Gillies, Peter J. Krusing, Roland J. Corvington, "Unknown"; (4) U.S. Postal Inspection Service, Jim O'Hanlon, Dan Taylor, "Unknown"; and (5) Internal Revenue Service, James Vickery, "Unknown".

Review of these documents indicates that the requested subpoenas may abuse the Court's process. Each of plaintiff's subpoenas seek the production of documents as follows:

> Interstate financial transaction of $75,000 between plaintiff and defendant, the losses or uses of that money by defendant, and all subsequent or related material events or

2

facts, or any subsequent thereto, starting in November 2001 to present; all related complaints, meetings, interviews, discussions, investigations, and results thereof. **Production of Documents**.

**Production of Documents**. Any and all documentation, notes, and records relevant to the matters set forth above, sources of and information obtained, and any additional relevant information; itemization of any charges filed or considered against defendant; names and addresses of any person or organization known to you to have relevant information to this action. All documents or electronically stored information are to be produced in legible hardcopy printed on 8½x11 paper, single-sided.

The subpoena directed to the Internal Revenue Service also seeks defendant's tax returns from 2001 to the present.

The relevance or materiality to the present case of the documents sought is not clear to the Court. Nothing in the allegations of the Amended Complaint would seem to have any relation to the documents plaintiff seeks from the named entities and individuals as quoted above. It is also unclear why plaintiff believe these individuals or entities would have any documents concerning his case. The Court observes that pro se parties may have a tendency to misunderstand the proper scope of discovery with respect to relevance and materiality.

In addition to requesting the production of documents, plaintiff's subpoenas duces tecum seek information from the non-parties such as "names and addresses of any person known to you to have relevant information to this action." This type of discovery is not properly sought from non-parties by means of a Rule 45 subpoena, which is limited to document production. Any future Rule 45 subpoenas duces tecum should be limited to a request for document production.

Finally, although plaintiff has been granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Rule 45. See generally McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965

3

(1988); Badman v. Stark, 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); Leadbetter v. City of Fort Wayne, 2007 WL 2323109, at *2 n.2 (N.D. Ind. Aug. 10, 2007) (citing cases). If plaintiff were required to file a motion to compel, or if the subpoenaed parties objected to the subpoenas, the Court could condition an order requiring document production upon plaintiff's advancing the copying costs for those documents. Nothing in the record provides the Court with a basis to conclude that plaintiff has the ability to provide for the costs of his requested discovery.

  B. Service of Subpoenas in Other Districts

Plaintiff has requested that the Court provide him with instructions concerning how to obtain documents from non-parties in other districts. The Court cannot provide legal advice to any party, but notes that plaintiff should be guided by the Federal Rules of Civil Procedure. Rule 45(a)(2)(C), Fed. R. Civ. P., provides that subpoenas for the production or inspection of documents are to issue "from the court for the district where the production or inspection is to be made." This geographic limitation relates to the location of the documents to be produced, rather than the location specified on the subpoena for production. See, e.g., Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] federal court sitting in one district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district."), cert. denied, 510 U.S. 1073 (1994). Plaintiff must therefore submit a subpoena duces tecum to the federal district court for the district in which requested documents are located.

  C. Request for Additional Subpoenas

The Clerk of the Court will be directed to send plaintiff ten blank subpoena forms. Plaintiff may fill out the forms and return them to this Court for service on non-parties located in this district, or to another federal district court as appropriate. Plaintiff should not sign the subpoenas, which will

4

be signed by the Clerk after they are returned to the Court. If plaintiff chooses to resubmit any subpoenas duces tecum to this Court, he must also submit a memorandum which explains as to each subpoena (1) why the documents he seeks are relevant to his case, (2) why he believes the entity or individual subpoenaed has possession of relevant documents, and (3) how he will provide the necessary costs, if any, related to document productions.

Plaintiff is cautioned that before he serves a Rule 45 subpoena duces tecum, he must serve the defendant with a notice that the subpoena will be issued. See Rule 45(b)(1). Failure to comply with the prior notice requirement could result in the imposition of sanctions, including the exclusion of any evidence produced or the imposition of monetary sanctions. See 9 James Wm. Moore, et al., Moore's Federal Practice, § 45.21[3][a] (3d ed. 2009). Although plaintiff filed a document entitled "Notice to Defendant of Plaintiff's Intent to Subpoena All Disclosed Witnesses Named by Both Parties" (Doc. 58), plaintiff's notice is inadequate. Adequate notice requires plaintiff to specifically identify the entities or persons he seeks to subpoena, and the documents he is requesting. Otherwise, the defendant is not given a reasonable opportunity to object to the production. See id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to the Clerk, construed as a Motion for Service of Subpoenas by the United States Marshals Service, is **DENIED** without prejudice. [Doc. 61]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send ten blank "Subpoena in a Civil Case" forms to plaintiff.[1]

---

[1] For purposes of Rule 45 document production, plaintiff should only check the box on the subpoena form by the statement, "YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list

**IT IS FURTHER ORDERED** that if plaintiff submits any subpoenas <u>duces</u> <u>tecum</u> to this Court, he must also submit a memorandum which explains as to each subpoena (1) why the documents he seeks are relevant to his case, (2) why he believes the entity or individual subpoenaed has possession of relevant documents, and (3) how he will provide the necessary costs, if any, related to document production.

                                                       /s/ Charles A. Shaw
                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of November, 2009.

---

documents or objects):".