# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's (1) motion to waive in part compliance with Local Rule 3.04(A) and for leave to permit alternative compliance; (2) motion for leave to depose defendant by written questions; and (3) "Objections to Defendant's Service of Discovery Requests Which Are Due Out of Time Without Leave of this Court and Motion to Sustain Plaintiff's Objections," which the Court construes as a motion for protective order under Rule 26(c), Federal Rules of Civil Procedure. Defendant opposes the first two motions, which are fully briefed. Defendant has not responded to the third motion, but the Court does not require any input from defendant in order to make its ruling on that motion.

<u>Motion to Waive Compliance with Local Rule 3.04(A)</u>

For good cause shown, the Court will grant plaintiff's motion to partially waive the requirements of Local Rule 3.04(A), which requires that parties confer in person or by telephone in good faith in an attempt to resolve a discovery dispute prior to filing any motion with the Court. The Court is not convinced that it would be impossible for plaintiff and defendant to discuss the disputed issues by telephone, and it would certainly be more efficient and expeditious for them to do so. Nonetheless, the Court recognizes that there are logistical difficulties with telephone communication

in this case because of plaintiff's incarceration, and that the parties have a contentious and uncooperative relationship which does not lend itself to easy resolution of any form of dispute. In addition, the parties have made numerous conflicting factual assertions in their memoranda concerning each others' conduct with respect to communication, which the Court is unable to weigh or evaluate in any meaningful fashion.[1] The Court will not become embroiled in collateral disputes over the parties' efforts to communicate by telephone concerning discovery disputes, and foresees that such a result could occur if the parties were required to communicate by telephone. The Court will therefore grant plaintiff's motion to the extent that no in-person or telephone conferences will be required in order to comply with Local Rule 3.04(A).

Under the Court's ruling, the parties must still confer in good faith in an attempt to resolve all discovery disputes, but may do so through written correspondence. Any motion to compel discovery responses or other motion related to discovery must be accompanied by copies of all of the parties' correspondence with respect to the dispute, so the Court can determine whether the parties have conferred in good faith.

Motion for Leave to Depose Defendant by Written Questions

Plaintiff seeks leave of Court, as required by Rule 31(a)(2)(B), Fed. R. Civ. P., to take defendant's deposition upon written questions. Plaintiff asserts that although he has submitted discovery requests to the defendant, defendant "continues to withhold documents and material information from plaintiff, even withholding from plaintiff any listing of documents withheld, their

---

[1] The Court notes that although the parties' briefing on plaintiff's motion to waive compliance with Local Rule 3.04(A) contained many conflicting factual statements, neither party's filings were verified or signed under penalty of perjury pursuant to 28 U.S.C. § 1746. Unverified statements by litigants are not evidence, and cannot be accepted as such.

content, and reasons for withholding from discovery . . . ." Mot. for Leave at 1. Plaintiff submits two proposed deposition questions for the defendant, but states in his reply memorandum that he withdraws the second question, which concerned non-party witness April Hiatt. The Court notes that the bulk of plaintiff's motion focused on issues concerning April Hiatt.

The first question, which remains at issue, asks defendant to identify and list with specificity any documents and physical objects in his possession which defendant intends to use at any time during the proceedings of this case, that have not already been disclosed to plaintiff. In his request for relief, plaintiff also asks that all documents withheld from him be deemed inadmissible.

This motion will be denied for two reasons. First, plaintiff states that he has submitted to defendant interrogatories under Rule 33, requests for production of documents under Rule 34, and requests for admissions under Rule 36, and that the documents which allegedly have not been produced would be responsive to these interrogatories and requests. Rule 37(c)(1) provides in part as follows: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To the extent defendant has not disclosed relevant evidence to plaintiff in response to the discovery requests or the Case Management Order, Rule 37(c) will apply. Plaintiff therefore does not need to propound the proposed written question in order to protect himself from being surprised by new evidence from defendant on motion or at trial, because the relief he requests is provided by the Federal Rules of Civil Procedure.

Second, to the extent plaintiff wishes to inquire further from defendant about document production, he has other adequate means to do so, which are more practical. If plaintiff believes

particular documents exist that have not been produced, he may propound additional interrogatories and requests for production of documents on that topic to the defendant. The Court prefers that in obtaining discovery from other parties, pro se parties utilize interrogatories rather than depositions upon written questions, as there are procedural and logistical difficulties inherent in the Rule 31 mechanism which plaintiff's motion does not take into account. For example, the deposition must be taken before an officer who is to place the witness under oath, record the witness' responses, either stenographically, by audiotape or videotape, make the transcript or recording available to the witness for review if requested, and then certify to plaintiff that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. See Rule 31(b); Rule 30(c), (e) and (f); 7 James Wm. Moore, et al., Moore's Federal Practice, § 31.12 (3d ed. 2009). Plaintiff has asked that the Clerk of the Court depose the defendant by mail, but this proposal does not meet the procedural requirements of Rule 31. Plaintiff would most likely need to make arrangements with an officer in California, where defendant is located, to take the deposition. Further, plaintiff would be responsible for the costs associated with a deposition on written questions, and he has not indicated that he is willing or able to meet those costs.

Motion for Protective Order

Finally, plaintiff filed "Objections to Defendant's Service of Discovery Requests Which Are Due Out of Time Without Leave of this Court and Motion to Sustain Plaintiff's Objections," which the Court construes as a motion for protective order under Rule 26(c). The gist of plaintiff's motion is that he did not receive defendant's requests for discovery until December 2, 2009, discovery closes on December 30, 2009, defendant did not file a motion to shorten the time for response, and

therefore plaintiff does not have the full 30 days provided by the Federal Rules to respond. Plaintiff asks that he not be required to provide any response to defendant's requests for discovery.

This motion will be denied. The relief plaintiff seeks is too harsh when compared to defendant's relatively minor failure to meet deadlines, which resulted in a 28-day period for plaintiff to respond to the propounded discovery instead of the prescribed 30 days. The Court on its own motion will modify the discovery and dispositive motion deadlines established in the Case Management Order. The Court finds that extending the deadlines is appropriate based on the delay in written communications which has occurred between the parties as a result of mail procedures at plaintiff's place of incarceration, and is further appropriate given the Court's knowledge of discovery disputes plaintiff has attempted to raise, plaintiff's expressed desire to obtain additional discovery from defendant, and defendant's unresolved discovery requests to plaintiff which are the subject of the instant motion. Plaintiff must respond to defendant's discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to waive in part compliance with Local Rule 3.04(A) and for leave to permit alternative compliance is **GRANTED** to the extent the parties are not required to meet in person or communicate by telephone concerning the resolution of discovery disputes, but must still confer in good faith through correspondence in an attempt to resolve all discovery disputes. [Doc. 65]

**IT IS FURTHER ORDERED** that any motion to compel discovery responses or other motion related to discovery must be accompanied by copies of all of the parties' correspondence with respect to the disputed discovery. Any motion that is not accompanied by all supporting correspondence will be denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to depose defendant by written questions is **DENIED**. [Doc. 70]

**IT IS FURTHER ORDERED** that plaintiff's "Objections to Defendant's Service of Discovery Requests Which Are Due Out of Time Without Leave of this Court and Motion to Sustain Plaintiff's Objections," construed as a motion for protective order under Rule 26(c), is **DENIED**, and plaintiff shall respond to defendant's discovery requests. [Doc. 69]

**IT IS FURTHER ORDERED** that on the Court's own motion, the Case Management Order is **modified** to the extent that all discovery shall be completed by **February 1, 2010**, any motion for summary judgment must be filed by **March 1, 2010**, the opposition memorandum by **March 31, 2010**, and any reply memorandum by **April 5, 2010**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of December, 2009.