UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's "Motion to Determine Sufficiency of Defendant's Answers and Objections to Plaintiff's Requests for Admissions and Motion to Compel That Requests be Answered or Otherwise Deem Insufficient Answers Admitted," filed pursuant to Rule 36(a)(6), Federal Rules of Civil Procedure. Attached to plaintiff's motion are a large number of the more than 400 requests for admission he served on the defendant, and defendant's answers thereto. Plaintiff seeks a determination regarding the sufficiency of many of defendant's answers.

As permitted by Rule 36(a)(6), the Court will defer its decision on the issue of admissions until the time of a pretrial conference, and will deny plaintiff's motion without prejudice.

**Discussion**

While the purpose of discovery is to bring out facts and information and obtain the production of documents, requests for admission under Rule 36 are not designed to obtain discovery of the existence of facts. See 7 James Wm. Moore, et al., Moore's Federal Practice, § 36.02[1] (3d ed. 2009). Requests for admission are intended to eliminate issues that are not in dispute between the parties by establishing the admission of facts about which there is no real dispute, thus narrowing the issues for trial. Id. Requests for admission are also intended to save costs by establishing

uncontested facts without the time, trouble and expense of proving these facts through discovery. Id.

Requests for admission should be simple and direct, as parties are not required to admit or deny requests that consist of vague or ambiguous statements. See 7 Moore's Federal Practice, § 36.10[6]. A request for admission may relate to (1) facts, or statements or opinions about the facts; (2) the application of law to fact, or statements or opinions about the application of law to fact; or (3) the genuineness of any described documents. Id., § 36.10[1]. Rule 36 provides the following instructions for answers to requests for admissions:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Rule 36(a)(4), Fed. R. Civ. P.

A review of plaintiff's motion and supporting materials shows that, in large part, plaintiff's requests for admission do not comply with Rule 36. First, the astounding number of plaintiff's requests is, on its face, abusive of the process intended by Rule 36. In most civil cases before the undersigned, requests for admission are few and rarely exceed thirty (30) in number. The Court will exercise its power under Rule 26(b)(2)(A), Fed. R. Civ. P., and order that any further requests for admission by plaintiff shall be limited in number to thirty (30).

Second, many of plaintiff's requests are irrelevant, argumentative, repetitive, vague and/or ambiguous. The Court repeats that requests for admission are not designed to obtain discovery of the existence of facts, but rather are intended to establish the admission of facts about which there

2

is no real dispute.  The majority of plaintiff's disputed requests are designed to obtain discovery of facts and thus are improper.  Further, requests should be stated in simple, clear and concise terms so the responding party "should simply be able to agree or disagree with the request, that is, to admit or deny the request, to explain succinctly why it is not possible to answer, or to offer any other necessary qualification."  7 Moore's Federal Practice, § 36.10[6].  Poorly drafted, vague requests produce responses that are not helpful, as this case illustrates.  See United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 967-68 (3d Cir. 1988).

In addition, the Court notes that many of defendant's answers consist of the single word "deny."  Whether such a denial meets the substance of the requested admission is determined on a case-by-case basis.  See, e.g., Continental Cas. Co. v. Brummel, 112 F.R.D. 77, 81 n.2 (D. Colo. 1986) (one-word response "Denied" was sufficient as a response to the requests at issue); compare Thalheim v. Eberheim, 124 F.R.D. 34, 38 (D. Conn. 1988) (defendant's one-word response "Denied" was insufficient to meet the substance of the requests at issue).  Defendant should carefully consider whether a one-word denial meets the substance of each request for admission.

Finally, with respect to the effect of admissions, the parties are advised that a matter admitted under Rule 36 is conclusively established unless it is withdrawn or amended.  See Rule 36(b), Fed R. Civ. P.  Nonetheless, giving conclusive effect to an admission may not be appropriate when either the request or response is ambiguous.  See, e.g., Rolscreen Co v. Pella Prods. of St. Louis, Inc., 64 F.3d 1202, 1210 (8th Cir. 1995) (manufacturer's admission that it had "terminated" distribution agreement was sufficiently ambiguous that trial court did not err in declining to give strict legal interpretation to the word).  Further, a party cannot read into evidence the other party's denial or refusal to admit a fact, as a denial or refusal to answer is not evidence of any fact.

3

At the pretrial conference, plaintiff may request the Court to consider and take appropriate action on "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence." Fed. R. Civ. P. 16(c)(2)(C). Plaintiff is advised, however, that the Court is not inclined to spend much time on the existing admissions because plaintiff's requests do not serve the purpose of Rule 36--to promote efficiency, reduce costs, and narrow the issues for trial. Rather, the requests appear to have the opposite effect, multiplying the proceedings and unnecessarily burdening defendant and the Court, which has limited judicial resources and must conserve them.

Plaintiff will be granted leave to propound no more than thirty (30) additional requests for admission to the defendant, if desired. Any such requests should be simple and clear, and designed only to establish the admission of facts about which there is no real dispute.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Determine Sufficiency of Defendant's Answers and Objections to Plaintiff's Requests for Admissions and Motion to Compel That Requests be Answered or Otherwise Deem Insufficient Answers Admitted" is **DENIED without prejudice**. [Doc. 77]

**IT IS FURTHER ORDERED** that plaintiff may propound no more than thirty (30) requests for admission to the defendant, which shall comply with Rule 36 as set forth in this Memorandum and Order.

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of December, 2009.