UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions.

**A. Defendant's motion for leave to amend answers**

Defendant seeks leave of Court pursuant to Rule 36(b), Federal Rules of Civil Procedure, to amend his answers to certain of plaintiff's requests for admissions, which he answered by stating "deny." Plaintiff does not oppose the motion. Defendant's motion will be granted because it may promote the presentation of the merits of the action, and it is not opposed by plaintiff. Defendant was correct to seek leave of Court prior to amending his answers.

**B. Plaintiff's motion to require defendant to amend his answers to certain of plaintiff's requests for admissions, and to clarify the Memorandum and Order of December 30, 2009**

As part of plaintiff's response to defendant's motion for leave to amend his answers, plaintiff seeks an order requiring defendant to file additional amended responses to plaintiff's requests for admissions, and clarifying the Court's Memorandum and Order of December 30, 2009 (Doc. 78) (the "Order"). Plaintiff moves to Court to "expand defendant's motion" for leave to amend, and order defendant to amend his answers to certain of plaintiff's requests for admission, which he answered by stating "settlement privilege." Plaintiff's motion will be denied. The Court previously

denied plaintiff's motion to determine the sufficiency of defendant's answers to the requests for admission in the Order. The instant motion is a different manner of presenting the same issue. Defendant may seek leave of Court to amend his answers if he believes they are insufficient. Otherwise, defendant's answers will remain as they are.

Plaintiff also asks the Court to clarify its Order concerning how many additional requests for admission he may propound, and defendant's obligation to answer the same. Some background is required here. When the Court issued the Order, it was under the impression that plaintiff had propounded 424 requests for admission to the defendant. In the Order, the Court denied plaintiff's motion to determine the sufficiency of defendant's answers to the requests for admissions, noting among other things that many of plaintiff's requests were inappropriate because they were irrelevant, argumentative, repetitive or ambiguous, and also that the "astounding number of plaintiff's requests is, on its face, abusive of the process intended by Rule 36." Order at 2. The Court did, however, grant plaintiff leave to propound an additional thirty (30) requests for admission to the defendant which were "simple and clear, and designed only to establish the admission of facts about which there is no real dispute." Id. at 5.

Statements contained in the motions and briefing currently at issue indicate that before the Court issued the Order, plaintiff submitted a second request for admissions to the defendant consisting of fifty-three (53) requests, which defendant answered, and a third request for admissions consisting of forty-three (43) requests. After the Order was issued, plaintiff submitted a fourth request for admissions consisting of three (3) additional requests. Defendant objected to the third request on the basis that it exceeds the additional 30 requests permitted by the Order and is overly

burdensome, irrelevant, and largely frivolous, and objected to the fourth request on the basis that the thirty-day period for response would extend beyond the February 1, 2010 discovery cutoff date.

The Court is displeased that plaintiff did not inform it, at the time the Court was considering plaintiff's motion to determine the sufficiency of defendant's answers to plaintiff's requests for admission, that plaintiff had propounded two additional requests for admission, totaling another 96 requests. For purposes of this order, the Court assumes that the 96 requests contained in the second and third requests for admissions suffer from the same deficiencies discussed in the Order with respect to the first request for admissions.[1] As a result, the Court will not require defendant to answer the third request for admissions. Plaintiff propounded three requests for admission after receiving the Order. Defendant will be ordered to respond to these three requests. Plaintiff will be granted leave to propound one more set of requests for admissions, not to exceed twenty-seven requests. Any such additional requests shall be mailed within ten (10) days of the date of this Order and, as previously directed in the Order, shall be "simple and clear, and designed only to establish the admission of facts about which there is no real dispute." Order at 4. Defendant will have thirty days following receipt of the additional requests for admissions, if any, to respond.

**C. Defendant's motion to determine the sufficiency of plaintiff's answers to defendant's interrogatories and motion to compel answers**

Defendant moves for a determination of the sufficiency of plaintiff's answers to defendant's first set of interrogatories to plaintiff, and to compel plaintiff to provide answers to the interrogatories. Defendant states that the Court previously denied plaintiff's motion seeking to be exempted from answering the interrogatories and ordered plaintiff to respond to defendant's

---

[1]Neither party provided the Court with a copy of the second or third set of requests for admissions. As previously stated, defendant answered the second request for admissions.

discovery requests, by Memorandum and Order of December 17, 2009 (Doc. 74). Defendant states that plaintiff objected to every interrogatory with redundant, general objections and on the basis that generally-understood words used in the interrogatories were not defined, and then provided brief responses that do not constitute a good faith effort to respond to the questions posed. Defendant asserts that plaintiff's responses "were intentionally structured to frustrate, annoy, and harass defendant in his efforts to build his defense." Def.'s Mot. to Compel at 5.

Plaintiff responds, among other things, that (1) defendant's motion is untimely because the discovery cutoff date passed on February 1, 2010; (2) the Court has elected to defer motions regarding discovery until the time of the pretrial conference; (3) defendant's interrogatories exceed the twenty-five allowed by Rule 33(a)(a), Fed. R. Civ. P.; (4) plaintiff's objections are well taken and the additional responses were made in good faith; and (5) defendant's motion fails to include all relevant exhibits and is intended to harass plaintiff. Plaintiff also denies that defendant has made sufficient efforts to communicate with plaintiff concerning the discovery dispute prior to filing the motion to compel.

As an initial matter, based on the record before it and its knowledge of the history of this litigation, the Court finds that defendant made a sufficient good faith effort to confer with plaintiff in an effort to resolve this discovery dispute as required by Local Rule 3.04(A). Second, contrary to plaintiff's assertion, the Court did not order that all discovery disputes be deferred to the pretrial conference. Plaintiff has misconstrued the Court's ruling. In the Order, the Court exercised its discretion under Rules 36(a)(6) and 16(c)(2)(C), Fed. R. Civ. P., to defer matters relating to plaintiff's requests for admissions to the time of the pretrial conference. Third, motions to compel

4

must be filed within eleven days after the close of discovery. Defendant's motion to compel was timely filed and the Court will address its merits.

Plaintiff's repetitive, blanket objections to the interrogatories are generally not well taken and appear to be intended for purposes of harassment and to evade legitimate discovery. In particular, plaintiff's objection that to answer various of defendant's interrogatories would require "numerous hours and possibly years and exhaust very limited resources to answer" and could require the listing of hundreds or thousands of responses, is absurd. Plaintiff must provide short, but complete, answers to the questions asked, to the best of his ability. These answers should be limited to the actual reality of this case, not theoretical possibilities. With respect to Interrogatory No. 8 for example, plaintiff must list expert witnesses that he actually expects to call at trial, not some unknown thousands of witnesses he could theoretically call. If plaintiff has no expert witnesses, he should state this.

Defendant submitted four more interrogatories than are allowed by Rule 33, Fed. R. Civ. P., because discrete subparts to each interrogatory are counted toward the total. The Rule permits the number to be increased, however, by stipulation of the parties or court order. Given that plaintiff submitted over 500 requests for admission to the defendant, defendant's submission of twenty-nine interrogatories to plaintiff is not cause for concern. Further, as set forth below, the Court is not ordering that plaintiff answer more than twenty-five interrogatories.

Plaintiff shall answer the following interrogatories, without any objection:

Nos. 1(a), 1(b), 1(d), 2, 3, 4, 6, 7, 8, 9, 13, 14, 18, 19, 24, 25.

Plaintiff shall answer Interrogatory No. 20 by listing any affidavits or statements he has received concerning the case and, if these were not included in plaintiff's initial disclosures to the

defendant, plaintiff shall explain why not. Plaintiff is not required to answer the "scare tactics" aspect of the interrogatory, as this is argumentative.

Plaintiff shall supplement his answers to the following interrogatories:

No 21, plaintiff shall describe his background in business and investing; and

No. 23, plaintiff shall list any documentation he has to support his answer to defendant's question as to who was supposed to be making investment decisions with respect to the money plaintiff sent to defendant, and how the decisions were to be carried out.

Plaintiff is not required to answer the following interrogatories:

No. 1(c), as it is cumulative of other interrogatories;

No. 5, as it is vague;

No. 10, as any admissions made by the parties speak for themselves;

No. 11, as it relates to separate requests for admissions directed to the defendant;

Nos. 12, 15, and 17, as these have been answered sufficiently; and

No. 22, as this appears irrelevant to the issues in this case.

Plaintiff shall provide to defendant his answers and supplemental answers to defendant's first set of interrogatories within thirty (30) days of the date of this Order.

**D. Scheduling Issues**

The parties shall respond to the outstanding discovery within the times set forth herein. Apart from the additional twenty-seven requests for admission that plaintiff may choose to serve, no additional discovery shall be propounded by either party in this case.

As a result of the delay caused by the parties' discovery disputes, the Court will further modify the dispositive motion deadline in this case. Any motion for summary judgment, to dismiss,

6

or for judgment on the pleadings shall be filed by May 17, 2010. Opposition memoranda shall be filed within thirty (30) days after the motion is filed. Reply memoranda shall be filed within ten (10) days after the opposition is filed. Any motion for summary judgment, and the opposition thereto, shall comply with Local Rule 4.01.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to amend his answers to plaintiff's requests for admissions is **GRANTED**. [Doc. 82]

**IT IS FURTHER ORDERED** that plaintiff's motion to expand defendant's motion for leave and order the defendant to amend his answers to certain requests for admissions is **DENIED**. [Doc. 83]

**IT IS FURTHER ORDERED** that plaintiff's motion to clarify the Memorandum and Order of December 30, 2009 is **GRANTED** to the extent that: (1) defendant shall answer the three requests for admission contained in plaintiff's fourth request for admission, which answers shall be mailed by March 1, 2010; and (2) plaintiff will be granted leave to propound one more set of requests for admission, not to exceed twenty-seven requests, which shall conform to the requirements of this Order and the Memorandum and Order of December 30, 2009. Plaintiff must mail the requests within ten (10) days of the date of this Order. Defendant will have thirty days following receipt of the additional request for admissions, if any, to respond. Plaintiff's motion is **DENIED** in all other respects. [Doc. 83]

**IT IS FURTHER ORDERED** that defendant's motion to determine the sufficiency of plaintiff's answers to defendant's interrogatories and motion to compel answers is **GRANTED** to the following extent: Plaintiff shall answer the following interrogatories without objection: Nos.

1(a), 1(b), 1(d), 2, 3, 4, 6, 7, 8, 9, 13, 14, 18, 19, 24, 25.  Plaintiff shall answer Interrogatory No. 20 and supplement his answers to Interrogatory Nos. 21 and 23 as set forth hereinabove.  Defendant's motion to compel is **DENIED** in all other respects.  [Doc. 84]

**IT IS FURTHER ORDERED** that any motion for summary judgment, to dismiss, or for judgment on the pleadings shall be filed by May 17, 2010.  Opposition memoranda shall be filed within thirty (30) days after the motion is filed.  Reply memoranda shall be filed within ten (10) days after the opposition is filed.  Any motion for summary judgment and the opposition thereto must comply with Local Rule 4.01.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of February, 2010.