# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for a protective order against the defendant. Defendant opposes the motion and it is fully briefed. Plaintiff's motion will be denied without prejudice for the following reasons.

**Discussion**

"Although the federal rules permit liberal trial discovery, it is 'provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'" Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" Id. (quoting Seattle Times, 467 U.S. at 36). The moving party has the burden to demonstrate good cause for issuance of the protective order and that his claim of harm is based on more than stereotypical and conclusory statements. Id. at 926 (citing General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1983), cert. denied, 414 U.S. 1162 (1974)).

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a court to issue orders to protect parties from discovery or disclosure in proper circumstances, and provides:

> A party or any person from whom discovery is sought may move for an protective order in the court where the action is pending . . . . **The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action**. The court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or confidential research, development or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Rule 26(c)(1), Fed. R. Civ. P. (emphasis added).

Plaintiff's motion for protective order will be denied without prejudice because it does not contain a certification that he has conferred or attempted to confer in good faith with the defendant in an effort to resolve the dispute without Court action. In addition, even if the motion were properly before the Court at this time, it should be denied because the claim of harm asserted therein is stereotypical and conclusory. Plaintiff therefore would not meet his burden to demonstrate good cause for issuance of a protective order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Protective Order Against Defendant is **DENIED without prejudice**. [Doc. 92]

                                                                               _____
                                                                              **CHARLES A. SHAW**
                                                                              **UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2010.