UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions to strike filed by pro se plaintiff Michael Stockdale, Jr. One motion is directed to pro se defendant James Earl Stockdale's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 103); the other is directed to defendant's Motion to Strike Plaintiff's Exhibits to Doc. 102 of Docket (Doc. 105). The motions will be denied for the following reasons.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. (emphasis added). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000).

As a threshold matter, both parties are advised that motions to strike are properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as (1) a complaint; (2) an answer; (3) a reply to a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; and (6) a third party answer. Fed. R. Civ. P. 7(a). "No other paper will be

considered a pleading except those specifically named in Rule 7(a)." 2 James W. Moore, et al., Moore's Federal Practice §7.02[1][b] (3rd ed. 2010). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." Id., §12.37[2]. Because plaintiff's motions are not directed to pleadings, the Court will not consider them as motions to strike.[1]

**Discussion**

A. <u>Motion Directed to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

In this motion, plaintiff asserts that defendant's motion to dismiss for lack of subject matter jurisdiction is actually an untimely motion to dismiss, because it argues issues of sufficiency of the complaint and failure to state a claim, and is thus improperly titled. Plaintiff contends that defendant is procedurally barred from filing a motion at this late stage of the proceedings, and that the motion places an undue burden upon plaintiff "to give response when such matter should have already been addressed by defendant . . . ." Mot. to Strike at 3.

The Court previously ordered that any motion for summary judgment, to dismiss, or for judgment on the pleadings must be filed by May 17, 2010. See Mem. and Order of February 22, 2010 at 6-7 (Doc. 89). A motion to dismiss for lack of subject matter jurisdiction may be raised at any point in the proceedings. See Rule 12(h)(3), Fed. R. Civ. P. Defendant's motion is therefore

---

[1]On April 5, 2010, the Court granted defendant's motion to strike certain exhibits to plaintiff's motion for summary judgment to the extent that it ordered the exhibits restricted from public access. Thus, the Court did not grant the motion to strike as such, but rather implicitly construed the motion to strike as a motion to restrict access to the documents. In the interest of judicial efficiency, the Court did not address the procedural incorrectness of defendant's motion to strike and instead addressed the underlying merits of the issue presented by it. Because both parties have now incorrectly filed motions to strike, the Court finds it appropriate to inform the parties of the nature and purpose of a motion to strike.

2

timely. Whether defendant's motion actually raises issues of subject matter jurisdiction is a matter for the Court to determine when it considers the merits of defendant's motion.

Plaintiff asserts that defendant has waived his right to assert the defenses of sufficiency of the complaint or failure to state a claim, but Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings under Rule 12(c), or at trial. Furthermore, although a Rule 12(b)(6) motion technically cannot be filed after an answer has been submitted, see Fed. R. Civ. P. 12(b), applying Rule 12(h)(2) the Eighth Circuit Court of Appeals has approved construing a motion to dismiss, filed after an answer, as a motion for judgment on the pleadings under Rule 12(c). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The distinction is "purely formal" as a motion under Rule 12(c) is reviewed under the standards that govern a Rule 12(b)(6) motion. Westcott, 901 F.2d at 1488; see also Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Thus, to the extent defendant's motion to dismiss for lack of subject matter jurisdiction actually asserts failure to state a claim, the Court would construe it as a motion for judgment on the pleadings under Rule 12(c). Such a motion would be timely under the dispositive motion deadline established in this case and under Rule 12, Fed. R. Civ. P.

For these reasons, plaintiff's assertions in the instant motion concerning defendant's motion to dismiss for lack of subject matter jurisdiction lack merit. The Court could construe plaintiff's motion to strike as his opposition to the motion to dismiss for lack of subject matter jurisdiction, but declines to do so as it believes plaintiff would prefer the opportunity to respond to the merits of defendant's motion. The Court will deny the motion to strike on the basis that it was not directed

to a pleading. The Court will grant plaintiff additional time to file his response to the merits of defendant's motion.

      B. <u>Motion Directed to Defendant's Motion to Strike</u>

The Court will deny as moot plaintiff's motion to strike defendant's motion to strike certain exhibits to plaintiff's motion for summary judgment, as the Court has already issued a ruling on defendant's motion to strike. Upon receiving defendant's motion to strike, the Court reviewed some of the fifty exhibits to plaintiff's motion for summary judgment (Doc. 102), and determined that they contained personal data identifiers in violation of E.D. Mo. Local Rule 2.17 and the E-Government Act of 2002. Nothing plaintiff could say in response to defendant's motion to strike would change that fact. Accordingly, the Court immediately ordered access to those documents restricted to case participants and Court personnel.

Plaintiff's motion asserts that defendant should have raised this issue in a more timely manner and failed to confer with plaintiff before filing his motion, and therefore waived the right to object to the contents of the exhibits. This assertion is meritless. Defendant's motion to strike was not a discovery motion subject to the good-faith effort to resolve requirement of Local Rule 3.04(A). Further, plaintiff is not prejudiced in any way by the Court's restriction of access to his summary judgment exhibits. The Court will still consider those exhibits in connection with plaintiff's motion for summary judgment.

**Conclusion**

For the foregoing reasons, plaintiff's motions to strike will be denied. Plaintiff will be granted until April 20, 2010 to respond to defendant's motion to dismiss for lack of subject matter

jurisdiction. The parties should not file any more documents in this matter titled "motion to strike" unless those documents are directed to a pleading, as defined by Rule 7(a), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**. [Doc. 107]

**IT IS FURTHER ORDERED** that plaintiff is granted until **April 20, 2010**, to file his response to defendant's motion to dismiss for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's motion to strike plaintiff's exhibits to his summary judgment motion is **DENIED as moot**. [Doc. 108]

           **CHARLES A. SHAW**
           **UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of April, 2010.