# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STOCKDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1773 CAS |
| | ) | |
| JAMES EARL STOCKDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions filed by plaintiff.

<u>Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Summary Judgment</u>

Plaintiff moves for leave to supplement his motion for summary judgment with summaries of certain answers provided by defendant to plaintiff's First Amended Request for Admissions, Second Amended Request for Admissions, and Fourth Admissions. Defendant responds that he does not object to allowing his admissions to be added to plaintiff's motion for summary judgment, but objects that any such answers to requests for admission be provided in their entirety, and not abridged by plaintiff. Plaintiff replies that he has properly removed defendant's denials and objections and "superfluous ramblings" from his summarizations, and as a result has "substantially reduced irrelevancies." Pl.'s Reply at 1.

Plaintiff's motion will be denied without prejudice. Plaintiff may file another motion for leave to supplement his summary judgment motion, but he must include defendant's entire answer to any request for admission. The relevance of defendant's answers, in whole or part, is a matter for the Court to decide.

Plaintiff's Motion for Reconsideration of this Court's Order (Doc. 116)

The defendant filed a motion to dismiss for lack of subject matter jurisdiction on March 29, 2010 (Doc. 103). Plaintiff moved to strike the motion to dismiss on several grounds, including that:

> 9. Furthermore, defendant attempts to deceive this Court under the false heading of "subject matter jurisdiction" by actually attempting to argue sufficiency of the complaint or failure to state a claim or lack of standing, which defendant is procedurally barred from raising at this eleventh hour in that defendant has not asserted sufficiency of the complaint or failure to state a claim or lack of standing or even lack of jurisdiction as an affirmative defense, and defendant's attempts to do so using creative pleading is a scandalous matter and should be Striken [sic].

Pl.'s Mot. to Strike at 2-3 (Doc. 107). The Court denied the motion to strike by Memorandum and Order dated April 6, 2010 (Doc. 109), and granted plaintiff until April 20, 2010 to file his response to the motion to dismiss for lack of subject matter jurisdiction.

The next day, April 7, 2010, defendant filed a "Motion to Dismiss, Presenting Defenses of Judgment on the Pleadings, Failure to State a Claim Upon Which Relief Can be Granted" (Doc. 110). The Court, noting that defendant's two motions to dismiss "raise similar issues although they are brought under different rules," ordered defendant to inform the Court whether the subsequently filed motion to dismiss was intended to replace the motion to dismiss for lack of subject matter jurisdiction. See Order of April 9, 2010 (Doc. 112). Defendant responded that he wished to withdraw the motion to dismiss for lack of subject matter jurisdiction (Doc. 118). The Court granted defendant's request and denied the motion to dismiss for lack of subject matter jurisdiction without prejudice, on the basis that it had been withdrawn. See Order of April 14, 2010 (Doc. 116).

Plaintiff's motion seeks reconsideration of the Order of April 14, 2010. Plaintiff complains that he was not given an opportunity to respond and object before the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction without prejudice. Plaintiff asserts that

"inasmuch as defendant's motions argued separate issues (specifically, second motion to dismiss (doc. 103) argues against subject matter jurisdiction and third motion to dismiss (doc. 110) does not), each motion should be heard separately so all issues are addressed." Mot. for Reconsideration at 2. Plaintiff complains that although the Court's Order of April 9, 2010 was directed to the defendant, plaintiff should have been given the opportunity to be heard, if he chose, before the Court made its ruling. Plaintiff also complains that he spent "many hours and consumption of extremely limited legal resources" in responding to the motion to dismiss for lack of subject matter jurisdiction, and "looked forward to being heard and conclusively resolving the matter of subject matter jurisdiction." Id.

Plaintiff's motion asks the Court to "Overrule its own Order (doc. 116) and actually Hear and Rule upon the portion of defendant's second motion to dismiss (doc. 103) brought strictly under Rules 12(b)(1) and 12(h)(3), 'subject matter jurisdiction,' and to allow all other portions to remain superseded by defendant's third motion to dismiss (doc. 110) as already ordered . . . ." Id. at 4.[1]

---

[1] Plaintiff's Motion for Reconsideration appears to be inherently inconsistent with plaintiff's Motion to Strike (Doc. 107) defendant's motion to dismiss for lack of subject matter jurisdiction. As quoted above, plaintiff asserted in the Motion to Strike that defendant's motion to dismiss for lack of subject matter jurisdiction had a "false heading" and actually asserted failure to state a claim and/or lack of standing. Plaintiff now appears to contend that the motion, at least in part, actually asserted lack of subject matter jurisdiction. "The doctrine of judicial estoppel prohibits a party from taking inconsistent positions in the same or related litigation." Hossaini v. Western Missouri Medical Center, 140 F.3d 1140, 1142 (8th Cir. 1998). "The underlying purpose of the doctrine is to protect the integrity of the judicial process." Id. at 1143 (citations omitted). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001).

The motion for reconsideration will be granted. The Court, having now fully considered plaintiff's position and objections, will not overrule the Order of April 14, 2010. A litigant may seek to withdraw a motion that was previously filed, even one challenging subject matter jurisdiction. It is within the Court's discretion and authority to grant leave for such a withdrawal, even though the other party may have expended time and resources in responding to the motion. The Complaint asserts the existence of subject matter jurisdiction by virtue of diversity of citizenship. See Complaint at 1; 28 U.S.C. § 1332(a). As a result of defendant's voluntary withdrawal of his motion to dismiss for lack of subject matter jurisdiction, defendant has dropped his challenge to the existence of subject matter jurisdiction and the issue is no longer in dispute.

<u>Plaintiff's Motion for Extension of Time to Respond to Defendant's Third Motion to Dismiss (Doc. 110)</u>

In this motion, plaintiff seeks an additional thirty (30) days following the Court's ruling on the Motion for Reconsideration to prepare his response to defendant's "Motion to Dismiss, Presenting Defenses of Judgment on the Pleadings, Failure to State a Claim Upon Which Relief Can be Granted" (Doc. 110).[2] This motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Summary Judgment is **DENIED** without prejudice. [Doc. 114]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration of this Court's Order (Doc. 116) is **GRANTED**. [Doc. 123]

---

[2]The motion for extension of time also sought an additional thirty days to respond after the Court's ruling on the defendant's motion to dismiss for lack of subject matter jurisdiction. That aspect of the motion is moot.

**IT IS FURTHER ORDERED** that the Order of April 14, 2010 (Doc. 116) remains in full force and effect.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Respond to Defendant's Third Motion to Dismiss (Doc. 110) is **GRANTED**. [Doc. 124]

**IT IS FURTHER ORDERED** that plaintiff shall file his response to defendant's "Motion to Dismiss, Presenting Defenses of Judgment on the Pleadings, Failure to State a Claim Upon Which Relief Can be Granted" (Doc. 110) by **June 1, 2010**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of April, 2010.